**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ARNOLD ROSE, | No. 11-55112 |
| Petitioner - Appellant, | D.C. No. 2:00-cv-02786-PA-CW |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 29, 2013
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

Petitioner Steven Arnold Rose appeals the district court's denial of his

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. He

argues that the California state court unreasonably applied clearly established

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

federal law by denying his habeas petition, which is based on an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984).

The state court reasonably applied federal law in denying Rose's habeas petition. Defense counsel's decision not to call Tom Clemens as a witness did not prejudice Rose. Introducing Clemens as a witness would have opened the door for the prosecution to introduce Clemens' damaging prior statements to law enforcement, including his statement that Rose threatened to kill Pamela Terrick. Moreover, any testimony Clemens could have offered to support Rose's defense would have been undermined by his failure to explain how Terrick sustained the kinds of injuries she had when police arrived at the scene. Rose cites *Howard v. Clark*, but a central reason we found prejudice in *Howard* was that the prosecution's case-in-chief was not very strong. 608 F.3d 563, 573 (9th Cir. 2010). Even assuming defense counsel was deficient, the prosecution's case against Rose was significantly stronger than it was in *Howard*.

By Rose's own admission, his defense at trial was challenging, giving defense counsel "very little to work with." Brief for Appellant at 15. He has not demonstrated "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694. That is especially so given the "doubly" deferential

standard for *Strickland* claims under AEDPA review. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Having concluded that Rose fails to meet the prejudice prong of *Strickland*, as did the California Court of Appeal, we need not discuss the deficient performance prong. *Stanley v. Schriro*, 598 F.3d 612, 619 (9th Cir. 2010).

**AFFIRMED.**